The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and AMAZON.COM SERVICES LLC, a Delaware limited liability corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JONATHAN G. MORTON, an individual; ASIN ENTERPRISE MANAGEMENT CONSULTING LTD. CO., a China corporation; SHENZHEN LUNA TECHNOLOGY CO., LTD., a China corporation; HUANHUAN LIAO, an individual; CHENLIANG ZHONG, an individual; GUOLIANG ZHONG, an individual; and DOES 1-10,<br><br>Defendants. | No. 2:24-cv-01471-JLR<br><br>**PLAINTIFFS' STATUS REPORT REGARDING SERVICE** |

Plaintiffs Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon") submit this status report to inform the Court of Amazon's efforts to serve Defendants. As set forth below, Amazon is in the process of serving two Defendants via the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"). Amazon further anticipates filing in the next 60 days a motion for alternative service seeking to serve the remaining Defendants via the email addresses they provided to Amazon when they registered their Selling Accounts.

PLAINTIFFS' STATUS REPORT - 1
(2:24-cv-01471-JLR)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Amazon commenced this action on September 16, 2024 (Dkt. 1), and filed an Amended Complaint on November 14, 2024. Dkt. 5 ("FAC"). As set forth in the FAC, this case involves Defendants' coordinated scheme to apply for and obtain fraudulent trademark registrations from the United States Patent and Trademark Office, and to exploit those fake trademarks to improperly gain access to Amazon's Brand Registry program, an intellectual property protection service. FAC ¶ 1. After using fake trademarks to open Brand Registry accounts, certain Defendants submitted false intellectual property infringement notices to Amazon through Brand Registry in an effort to fraudulently remove content and product listings of Amazon selling partners from the Amazon.com store. *Id*.

Amazon's investigation has revealed that Defendants are all located overseas. *Id.* ¶¶ 13-18. Amazon has confirmed an address in Japan for Defendant Jonathan G. Morton, and is in the process of serving him via the Hague Service Convention. *See* Order Granting Amazon's Motion for Order Appointing International Process Server, Dkt. 8. Amazon has also confirmed an address in China for Defendant Asin Enterprise Management Consulting Ltd. Co., and is in the process of translating the FAC and then will work with its foreign service agent to transmit the documents to China's Central Authority pursuant to the Hague Service Convention.

Despite diligent efforts, to date Amazon has been unable to locate valid addresses for service on the remaining Defendants, all of whom are believed to reside in China. Amazon is continuing to investigate whether it can locate any service addresses for these Defendants. If Amazon cannot identify valid addresses for these Defendants within 60 days, it will seek the Court's permission to serve these Defendants via alternative means *See, e.g., Amazon.com Inc. v. Sirowl Tech.*, 2020 WL 7122846, at *3 (W.D. Wash. Dec. 4, 2020) ("[P]laintiffs have demonstrated an inability to obtain a valid physical address for defendants and that defendants conduct business through the internet, so that service by email will provide defendants with sufficient notice and an opportunity to respond."); *Amazon.com, Inc. v. Dafang HaoJiafu Hotpot Store,* 2021 WL 4307067, at *1 (W.D. Wash. Sept. 22, 2021) ("Plaintiffs have shown that Defendants conduct business through the Internet such that 'service by email will provide

PLAINTIFFS' STATUS REPORT - 2
(2:24-cv-01471-JLR)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

defendants with sufficient notice and an opportunity to respond.'" (quoting *Sirowl Tech.,* 2020 WL 7122846, at *3)).

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve defendants within 90 days of filing a complaint, but this rule does not apply to defendants residing overseas, Fed. R. Civ. P. 4(m). Here, Amazon believes that all Defendants are located in either China or Japan. In addition, the Court may extend a deadline for service under Rule 4 upon a showing of good cause. *Id*. Courts in the Ninth Circuit find that a defendant's attempts to obfuscate their location or evade service constitutes good cause to extend the service deadline. *Amazon.com v. Tian Ruiping*, Consolidated Case No. 22:1-cv-00519-RAJ (W.D. Wash. Apr.12, 2021) (granting motion to extend time to serve summonses and complaint based on Defendants' attempts to evade service).

Amazon respectfully requests 60 days to provide this Court with a further status update, which will provide sufficient time for Amazon to complete its investigation and to seek permission for alternative service on any Defendants who it is unable to locate.

DATED this 13th day of December, 2024.

DAVIS WRIGHT TREMAINE LLP
*Attorney for Plaintiffs*

*s/ Scott Commerson*
Scott Commerson, WSBA #58085
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071-3460
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

PLAINTIFFS' STATUS REPORT - 3
(2:24-cv-01471-JLR)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax