The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation and AMAZON.COM SERVICES LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JONATHAN G. MORTON, an individual; ASIN ENTERPRISE MANAGEMENT CONSULTING LTD. CO., a China corporation; SHENZHEN LUNA TECHNOLOGY CO., LTD., a China corporation; HUANHUAN LIAO, an individual; CHENLIANG ZHONG, an individual; GUOLIANG ZHONG, an individual; and DOES 1-10,<br><br>Defendants. | No. 2:24-cv-01471-JLR<br><br>**PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE**<br><br>WITHOUT ORAL ARGUMENT<br><br>NOTE ON MOTION CALENDAR: JANUARY 27, 2025 |

### I.     INTRODUCTION AND RELIEF REQUESTED

Plaintiffs Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon" or "Plaintiffs") respectfully move the Court for an order authorizing Plaintiffs to complete service of process by email on Defendants Shenzhen Luna Technology Co., Ltd. ("Shenzhen Luna"), Huanhuan Liao ("Liao"), Chenliang Zhong ("Chen Zhong"), and Guoliang Zhong ("Guo Zhong") (collectively, the "False Takedown Defendants") because Plaintiffs' investigation confirms that the False Takedown Defendants are located at unknown locations overseas, likely in China; Plaintiffs have been unable to serve the False Takedown Defendants by conventional

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 1
(2:24-cv-01471-JLR)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

means; and email service is the most likely means to provide actual notice of this lawsuit to the False Takedown Defendants because they registered certain email addresses with Amazon that have been used as the primary means of communication with Amazon. Plaintiffs sent test emails to the registered email addresses, which confirmed that the email addresses remain functional (i.e., Plaintiffs did not receive error notices or bounce back messages). Accordingly, Plaintiffs request permission to serve the False Takedown Defendants via those email addresses because such service is "reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them the opportunity to present their objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

## II.    BACKGROUND

### A.    Amazon's Claims Against Defendants.

Amazon commenced this action on September 16, 2024 (Dkt. 1), and filed an Amended Complaint on November 14, 2024. Dkt. 5 ("FAC"). As set forth in the FAC, this case involves Defendants' coordinated scheme to apply for and obtain fraudulent trademark registrations from the United States Patent and Trademark Office, and to exploit those fake trademarks to improperly gain access to Amazon's Brand Registry program, an intellectual property protection service. FAC ¶ 1. After opening the Brand Registry accounts, the False Takedown Defendants submitted false intellectual property infringement notices to Amazon through Brand Registry in an effort to fraudulently remove content and product listings of Amazon's selling partners from the Amazon.com store (the "Amazon Store"). *Id*. ¶ 9. In some cases, Amazon temporarily removed product listings in response to the false takedown notices. *Id.* ¶ 4.

The First Amended Complaint ("FAC") asserts claims for misrepresentation of copyright infringement under 17 U.S.C. § 512(f), breach of contract, tortious interference with contractual relationship, fraud, violation of the Washington Consumer Protection Act, and claims under the Lanham Act for cancellation of trademark, and civil liability for false or fraudulent trademark registration. *Id*. ¶¶ 138-210.

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 2
(2:24-cv-01471-JLR)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Amazon has located physical addresses for Defendants Jonathan Morton and Asin Enterprise Management Consulting Ltd. Co. (in Japan and China, respectively), and it is in the process of effecting service on those Defendants via Japan and China's respective Central Authorities pursuant to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters ("Hague Convention"). Declaration of Scott Commerson ("Commerson Decl.") ¶ 16. Because Amazon has not been able to locate valid physical addresses for the False Takedown Defendants despite diligent efforts, as described below, it is seeking permission to serve them via alternative means.

### B.    The False Takedown Defendants' Amazon Brand Registry Accounts and Amazon Selling Accounts.

Amazon has developed a suite of intellectual property-protection mechanisms for rightsholders to submit requests for removal of content that the rightsholders believe violate their intellectual property rights. Declaration of Robert Garrett ("Garrett Decl.") ¶ 3. One of Amazon's intellectual property-protection services is Amazon Brand Registry, which provides brands who enroll with access to advanced capabilities to find and report copyright and trademark infringement violations in the Amazon Store. *Id.*; *see* FAC ¶¶ 1-7. Amazon also invests heavily to protect its third-party selling partners and to ensure that Amazon's intellectual property-protection measures are not abused by bad actors, so that listings of non-infringing products remain active and available for purchase by Amazon's customers. Garrett Decl. ¶ 3.

In order to create an Amazon Brand Registry account, a rightsholder must demonstrate that it has either an active trademark registration or, in some circumstances, a pending trademark application. *Id.* ¶ 4. When a person applies to register an Amazon Brand Registry account based on a trademark registration or application filed with the United States Patent and Trademark Office ("USPTO"), Amazon will send a registration code to the email address(es) that the mark owner provided for correspondence with the USPTO as shown in the USPTO's records. *Id.* An applicant can only complete their enrollment if they receive this registration code from Amazon via email, and then confirm that code with Amazon during the enrollment process. *Id.* The

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 3
(2:24-cv-01471-JLR)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

process is designed to ensure that rightsholders have valid trademark registrations or pending trademark applications in order to enroll in Amazon Brand Registry. *Id*.

### The Futaiphy Brand Registry Account and Lunakj Selling Account.

Defendants Shenzhen Luna and Liao created an Amazon Brand Registry account on or about April 2, 2021, using a trademark application for the mark "Futaiphy"[1] ("Futaiphy Brand Registry Account"). *Id*. ¶ 5. Amazon sent a registration code to the email addresses for the attorney of record listed in the USPTO's public records for the Futaiphy Trademark: Defendant Jonathan Morton. *Id*. Defendants Shenzhen Luna and Liao completed the account creation process by logging into the Futaiphy Brand Registry Account, and then confirming the registration code that Amazon had transmitted to these email addresses for the trademark registrant's attorney. *Id*.

While an applicant for an Amazon Brand Registry account is not required to own a selling account in the Amazon Store, a Brand Registry account owner has the ability to link their Brand Registry Account to their Amazon selling account. *Id*. Amazon's investigation revealed that Defendants had used the Lunakj selling account ("Lunakj Selling Account") to create and access the Futaiphy Brand Registry Account. *Id*. The Lunakj Selling Account, in turn, was registered under the name of Defendant Shenzhen Luna. *Id*. ¶ 6. The operators of the Lunakj Selling Account provided the following email address to Amazon when they created the Lunakj Selling Account: lunakj01041@163.com (the "Lunakj Selling Account Email Address"). *Id*. Like all sellers in the Amazon Store, the operators of the Lunakj Selling Account registered the Lunakj Selling Account Email Address in order to create their Selling Account, access Amazon's Seller Central,[2] and conduct business through their Selling Account. *Id*. The Lunakj Selling Account Email Address was the primary means of communication between Amazon and the Lunakj Selling Account. *Id*.

---

[1] USPTO Application Serial. No. 90604827, the "Futaiphy Trademark").

[2] "Seller Central" is the online portal that sellers use to access their selling accounts, list products for sale, manage sales and inventory, track payments and returns, and manage advertising programs, among other things.

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 4
(2:24-cv-01471-JLR)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

The operators of the Lunakj Selling Account also provided to Amazon a physical address located in China when they created the Lunakj Selling Account. *Id*. However, when Amazon's investigators conducted a site visit at that address, they were not able to find any evidence that Defendant Shenzhen Luna presently operated there. Commerson Decl. ¶ 5.

**The Tfnyct Brand Registry Account and BDliccs Selling Account.**

Defendants Chen Zhong and Guo Zhong created an Amazon Brand Registry account on or about December 22, 2020, using a trademark application for the mark "Tfnyct"[3] ("Tfnyct Brand Registry Account"). Garret Decl. ¶ 7. Amazon sent a registration code to the email addresses for the attorney of record listed in the USPTO's public records for the Futaiphy Trademark, Defendant Jonathan Morton. *Id*. Defendants Chen Zhong and Guo Zhong completed the account creation process by logging into the Futaiphy Brand Registry Account, and then confirming the registration code that Amazon had transmitted to the email addresses for the trademark registrant's attorney. *Id*.

Amazon's subsequent investigation revealed that Defendants had used the BDliccs selling account ("BDliccs Selling Account") to create and access the Tfnyct Brand Registry Account. *Id*. The BDliccs Selling Account was registered under the name of Defendant Chen Zhong. *Id*. ¶ 8. The operators of the BDliccs Selling Account provided the following email address to Amazon when they created the BDliccs Selling Account: bdlicss668@outlook.com (the "BDliccs Selling Account Email Address"). *Id*. Like all sellers in the Amazon Store, the operators of the BDliccs Selling Account registered the BDliccs Selling Account Email Address in order to create their Selling Account, access Amazon's Seller Central, and conduct business through their Selling Account. *Id*. The BDliccs Selling Account Email Address was the primary means of communication between Amazon and the BDliccs Selling Account. *Id*.

The operators of the BDliccs Selling Account also provided to Amazon a physical address located in China when they created the BDliccs Selling Account. *Id*. However, when

---

[3] USPTO Application Serial. No. 90376905, the "Tfnyct Trademark").

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 5
(2:24-cv-01471-JLR)

Amazon's investigators conducted a site visit at that address, they were not able to find any evidence that Defendant Chen Zhong currently resided there. Commerson Decl. ¶ 6.

**The Anck Selling Account.**

Amazon's investigation of Defendants further revealed that the Anck selling account (the "Anck Selling Account") benefited from the Tfnyct Brand Registry Account's fraudulent takedown notices because it sold the same products as the sellers targeted by those notices. Garrett Decl. ¶ 9. The operators of the Anck Selling Account provided the following email address to Amazon when they created the Anck Selling Account: zhyue11@outlook.com (the "Anck Selling Account Email Address"). *Id*. Like all sellers in the Amazon Store, the operators of the Anck Selling Account registered the Anck Selling Account Email Address in order to create their Selling Account, access Amazon's Seller Central, and conduct business through their Selling Account. *Id*. The Anck Selling Account Email Address was the primary means of communication between Amazon and the Anck Selling Account. *Id*.

The operators of the Anck Selling Account also provided to Amazon a physical address located in China when they created the Anck Selling Account. *Id*. As discussed below, Amazon's investigation revealed that Guo Zhong controlled this Selling Account. However, when Amazon's investigators conducted a site visit at that address, they were not able to find any evidence that Defendant Guo Zhong currently resided there. Commerson Decl. ¶ 7.

C. **Plaintiffs Uncover the Identities of Defendants Liao and Guo Zhong Through Financial Information Connected to their Selling Accounts.**

Plaintiffs conducted substantial investigation into the Lunakj, BDliccs and Anck Selling Accounts. Commerson Decl. ¶ 3. Namely, Plaintiffs' investigators (1) researched information and documents that the False Takedown Defendants provided to Amazon when registering their Selling Accounts; (2) researched information about the False Takedown Defendants in public and proprietary databases; and (3) physically inspected various address locations in China associated with the False Takedown Defendants. *Id*. ¶¶ 3-4. This investigation revealed that the False Takedown Defendants sought to evade Amazon's seller verification processes by

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 6
(2:24-cv-01471-JLR)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

providing Amazon with misleading or fraudulent address information in connection with their Selling Accounts. *Id*. Based on the information revealed in this investigation, Plaintiffs believe the False Takedown Defendants are all located in China. *Id*.

In a further effort to identify and locate the False Takedown Defendants, Plaintiffs obtained account and transaction information relating to bank accounts that the False Takedown Defendants provided to Amazon in connection with their Selling Accounts. Commerson Decl. ¶ 8. Specifically, Plaintiffs obtained information from PingPong Global Solutions, Inc. ("PingPong") related to virtual bank accounts that the False Takedown Defendants provided to Amazon when registering their Selling Accounts in order to receive and transfer proceeds from their sale of products in the Amazon Store. *Id*. PingPong's information revealed that Defendant Liao registered a PingPong bank account that was linked to the Lunakj Selling Account, and that Guo Zhong registered a PingPong bank account that was linked to both the BDliccs Selling Account and the Anck Selling Account. *Id*. Based on Defendants Liao's and Guo Zhong's control over their respective financial accounts that were registered to receive disbursements from certain Selling Accounts, it is reasonable to infer that they controlled their respective Selling Accounts, as well as the Brand Registry Accounts that were linked to those Selling Accounts. FAC ¶¶ 127, 136.

PingPong's information disclosed potential physical addresses for Defendants Liao and Guo Zhong. Commerson Decl. ¶¶ 9-10. However, when Amazon's investigators conducted a site visit at those addresses, they were not able to find any evidence that Defendants Liao or Guo Zhong currently resided there. *Id.*

**D.    Plaintiffs Investigate the Addresses the False Takedown Defendants Provided to the USPTO.**

Amazon also analyzed the USPTO's public records for the Futaiphy and Tfnyct Trademarks to uncover potential additional addresses associated with the False Takedown Defendants. *Id.* ¶¶ 11-12. The USPTO's records show that Defendant Shenzhen Luna filed an application for the Futaiphy Trademark, and that application disclosed a potential physical

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 7
(2:24-cv-01471-JLR)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

address in China for Defendant Shenzhen Luna. *Id.* ¶ 11. Similarly, the USPTO's records show that Defendant Chen Zhong filed an application for the Tfnyct Trademark, and that application disclosed a potential physical address in China for him. *Id.* ¶ 12. However, when Amazon's investigators conducted a site visit at those addresses, they were not able to find any evidence that Defendants Shenzhen Luna or Chen Zhong currently operated or resided there respectively. *Id.* ¶¶ 11-12.

### E.    Request for Alternative Service.

Plaintiffs' extensive investigative efforts identified the true identities of the False Takedown Defendants, and narrowed their locations to China; however, Plaintiffs have not located valid physical addresses for service associated with any False Takedown Defendant. *Id.* ¶ 13. Instead, Plaintiffs determined that the False Takedown Defendants registered their Selling Accounts using largely falsified or misleading address information. Commerson Decl. ¶ 2.

Amazon's records demonstrate that the False Takedown Defendants provided email addresses to Amazon in order to create their Selling Accounts, access Seller Central, and do business in the Amazon Store. Garrett Decl. ¶¶ 6, 8. The False Takedown Defendants then linked those Selling Accounts to their Amazon Brand Registry accounts, which they used to submit fraudulent notices of infringements. In order to confirm that the email accounts associated with the Selling Accounts remain functional, Plaintiffs emailed the False Takedown Defendants at their registered email addresses on January 7, 2025. Commerson Decl. ¶ 14. Plaintiffs did not receive any error notices or bounce back messages in response to the emails registered by each False Takedown Defendant. *Id*. Plaintiffs have thus confirmed that those email accounts are functional and now seek to serve the False Takedown Defendants through those email accounts. *Id*.

### III.    ARGUMENT

### A.    Service of Process by Email Comports with Federal and International Law.

Proper service requires satisfying both Rule 4 of the Federal Rules of Civil Procedure and constitutional notions of due process. *See generally Rio Props., Inc. v. Rio Int'l Interlink*, 284

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 8
(2:24-cv-01471-JLR)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

F.3d 1007, 1014 (9th Cir. 2002). To eliminate unnecessary technicalities and cost, Rule 4 provides several options for effectuating service in foreign countries and expressly grants courts broad discretion to authorize service "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3); *see also Rio*, 284 F.3d at 1015 ("[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2) . . . [S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'"). Due process requires only that service of process be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (collecting cases).

Here, Plaintiffs believe the False Takedown Defendants reside in China, which, like the United States, is a signatory to Hague Convention. *See* Commerson Decl., ¶¶ 2, 4.[4] The Hague Convention, however, does not apply where, as here, "the address of the person to be served with the document is not known." Hague Convention, arts. 1, 15 (*available at* https://www.hcch.net/en/instruments/conventions/specialised-sections/service) (last accessed Sept. 7, 2023); *see Amazon.com, Inc. v. Bamb Awns*, 2023 WL 2837076, at *2 (W.D. Wash. Apr. 7, 2023) (Peterson, M.J.) (granting plaintiffs' motion for alternative service via email where defendant's address was unknown). And, even in cases where the Hague Convention does apply, courts in the Ninth Circuit and elsewhere have held that Federal Rule of Civil Procedure 4(f)(3) and the Hague Convention both allow for service via email on Chinese defendants. *See, e.g., Amazon.com, Inc. v. Phmn9y3v*, 2023 WL 4581812, at *4 (W.D. Wash. July 18, 2023) (Peterson, M.J.) (granting plaintiffs' motion for alternative service via email on defendants in China); *Amazon.com, Inc. v. Ackary*, 2023 WL 4581785, at *4 (W.D. Wash. July 18, 2023) (Peterson, M.J.) (same); *Amazon.com, Inc. v. Yong*, 2023 WL 3075636, at *4 (W.D. Wash. Apr. 25, 2023) (Vaughan, M.J.) (same); *Bamb Awns*, 2023 WL 2837076, at *3 (same); *Amazon.com, Inc. v.*

---

[4] *See* Contracting Parties, Hague Conference on Private International Law, *available at* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited January 7, 2025).

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 9
(2:24-cv-01471-JLR)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

*Dafang HaoJiafu Hotpot Store*, 2021 WL 4307067, at *2 (W.D. Wash. Sept. 22, 2021) (Martinez, J.) (same); *Amazon.com Inc. v. Sirowl Tech.*, 2020 WL 7122846, at *3 (W.D. Wash. Dec. 4, 2020) (Creatura, M.J.) (same); *Amazon Techs. v. Qiang,* 2023 WL 7128618, at *2 (W.D. Wash. Oct. 30, 2023) (Vaughan, M.J.) (same); *Amazon.com Inc. v. Pengyu Bldg. Materials,* 2023 WL 4131609, at *2 (W.D. Wash. June 22, 2023) (Vaughan, M.J.) (same); *Amazon.com Inc. v. Chen,* 2023 WL 7017077, at *2 (W.D. Wash. Oct. 25, 2023) (Vaughan, M.J.) (same).

Courts in the Ninth Circuit also recognize that where, as here, defendants have made email their preferred means of contact, service by email not only comports with due process requirements, it is actually the preferred method of reaching the defendant. *See, e.g.*, *Rio*, 284 F.3d at 1016-18; *Sirowl Tech.*, 2020 WL 7122846, at *3 ("[P]laintiffs have demonstrated an inability to obtain a valid physical address for defendants and that defendants conduct business through the internet, so that service by email will provide defendants with sufficient notice and an opportunity to respond."); *Dafang HaoJiafu Hotpot Store*, 2021 WL 4307067, at *1 ("Plaintiffs have shown that Defendants conduct business through the Internet such that 'service by email will provide defendants with sufficient notice and an opportunity to respond.'") (quoting *Sirowl Tech.*, 2020 WL 7122846, at *3); *Bright Sols. for Dyslexia, Inc. v. Lee*, 2017 WL 10398818, at *7 (N.D. Cal. Dec. 20, 2017) ("Because email has been zealously embraced within the business community, email service is proper when a company has structured its business such that it could only be contacted via its email address, and email is the method of communication the company utilizes and prefers.") (internal quotation marks and citation omitted), *report & recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018).

Finally, courts in the Ninth Circuit have routinely granted requests to serve defendants via email where, as here, plaintiffs first sent "test" emails to relevant email addresses in order to ensure that those addresses are valid and thus able to provide defendants with actual notice. Where test emails are not returned as undeliverable, these courts deemed defendants' email addresses proper methods for service. *See, e.g., Amazon.com, Inc. v. KexleWaterFilters*, 2023 WL 3902694, at *2 (W.D. Wash. May 31, 2023) (J. Robart) (finding that service on email

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 10
(2:24-cv-01471-JLR)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

addresses is likely to provide defendants notice of the lawsuit where test messages received no error messages or bounce-back messages); *Yong*, 2023 WL 3075636, at *4 (same); *Amazon.com, Inc. v. Ackary,* 2023 WL 4581785, at *3 (W.D. Wash. July 18, 2023) (M.J. Peterson) (same); *Phmn9y3v*, 2023 WL 4581812, at *3-4 (same); *TV Ears, Inc. v. Joyshiya Dev. Ltd.*, 2021 WL 165013, at *3 (S.D. Cal. Jan. 19, 2021) (granting leave for service via email where test emails to defendants "did not bounce back nor [were] returned as being 'undeliverable.'"); *Bright Sols.*, 2017 WL 10398818, at *7 ("Plaintiffs served Defendants [by email] and filed proofs of service. These emails did not bounce back. Service was therefore proper.").

### B.  Service on the False Takedown Defendants' Email Addresses Is Reasonably Calculated to Provide Actual Notice.

Here, the False Takedown Defendants registered certain email addresses with Amazon in order to create their Selling Accounts, access Amazon's Seller Central, and conduct business through their Selling Accounts. Garrett Decl. ¶¶ 6, 8. They then used these Selling Accounts to gain access to Amazon Brand Registry, which they used to submit fraudulent notices of infringement. Plaintiffs now seek to serve the False Takedown Defendants at their registered email addresses. Plaintiffs believe that these email addresses are active and are reasonably calculated to provide actual notice, for two reasons: (1) these emails are the primary means of communication from Amazon to the False Takedown Defendants (*see id.*); and (2) Plaintiffs recently sent "test" emails to each of the False Takedown Defendants' email addresses, and have confirmed that at least one of the registered email addresses for each False Takedown Defendant remains functional (Commerson Decl. ¶ 14).

Based on the foregoing, and under the authority presented above, service on the False Takedown Defendants through email addresses registered with their Selling Accounts and used by Amazon to communicate with the False Takedown Defendants is reasonably calculated to provide the False Takedown Defendants with actual notice. *See Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) (email service comported with due process because defendants were "involved in commercial internet activities" and "rel[ied] on

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 11
(2:24-cv-01471-JLR)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

electronic communications to operate their businesses," and plaintiff had valid email addresses for defendants). Plaintiffs respectfully request that the Court authorize service of the Summons and First Amended Complaint (as well as this motion and pleadings in support) (1) on Defendants Shenzhen Luna and Liao through the lunakj01041@163.com email address registered to the Lunakj Selling Account; (2) on Defendant Chen Zhong through the bdlicss668@outlook.com email address registered to the BDliccs Selling Account; and (3) on Defendant Guo Zhong through the bdlicss668@outlook.com email address registered to the BDliccs Selling Account, and through the zhyue11@outlook.com email address registered to the Anck Selling Account. *See* Proposed Order.

Plaintiffs will use an online service, RPost (www.rpost.com), that provides proof of authorship, content, delivery, and receipt. Commerson Decl. ¶ 15. Following the Court's approval, Plaintiffs will provide the Court with confirmation of completed service by email.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court authorize Plaintiffs to serve the False Takedown Defendants by registered email through certain email addresses associated with their Selling Accounts.

DATED this 27th day of January, 2025.

*I certify that this memorandum contains 3,697 words, in compliance with the Court's Order permitting an over-length brief. See Dkt. 12.*

DAVIS WRIGHT TREMAINE LLP
*Attorney for Plaintiffs*

s/ Scott Commerson
Scott Commerson, WSBA #58085
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071-3460
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 12
(2:24-cv-01471-JLR)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax