UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., et al., | CASE NO. C24-1471JLR |
| Plaintiffs, | ORDER |
| v. | |
| JONATHAN G. MORTON, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court is Plaintiffs Amazon.com, Inc. and Amazon.com Services LLC's (together, "Amazon") motion for alternative service via email and certified mail on Defendant Jonathan G. Morton. (Mot. (Dkt. # 27).) The court has reviewed the motion, the relevant portions of the record, and the governing law. Being fully advised, the court GRANTS Amazon's motion for alternative service.

//
//

ORDER - 1

## II. BACKGROUND

Amazon brought this action on September 16, 2024, and amended its complaint on November 14, 2024. (Compl. (Dkt. # 1); Am. Compl. (Dkt. # 5).) Amazon alleges that Mr. Morton, together with the other named Defendants and ten Doe Defendants, engaged in a "coordinated scheme to apply for and obtain fraudulent trademark registrations from the United States Patent and Trademark Office ('USPTO'), and to exploit those fake trademarks to improperly gain access to Amazon's Brand Registry program, an intellectual property-protection service." (Am. Compl. ¶ 1.) Amazon alleges that Mr. Morton, a U.S.-licensed attorney living in Japan, deceived the USPTO by procuring tens of thousands of fraudulent trademark registrations on behalf of his predominantly foreign-domiciled clients. (*Id.* ¶ 2; *see id.* ¶ 73 (alleging that Mr. Morton was listed as attorney of record for nearly 32,000 trademark applications between 2019 and 2022); Commerson Decl. (Dkt. # 28) ¶ 3 (stating that Amazon's investigation revealed that Mr. Morton resides in Japan).) After opening Brand Registry accounts, some of Mr. Morton's clients "submitted false intellectual property infringement notices to Amazon in an effort to remove content and product listings of Amazon selling partners from the Amazon Store." (Am. Compl. ¶ 1.) In some cases, the false takedown notices resulted in Amazon temporarily removing legitimate product listings, which deprived those sellers of sales while their listings were suppressed. (*Id.* ¶ 4.)

After Amazon filed its complaint, its counsel communicated with Mr. Morton by email and by telephone. (Commerson Decl. ¶ 3.) Although he confirmed that Amazon had identified his correct residential address in Japan, Mr. Morton declined to waive

service. (*Id.*) Amazon then began the process of serving Mr. Morton pursuant to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters (the "Hague Convention"). (*Id.* ¶ 4.) Amazon's foreign service agent first submitted the necessary documents to Japan's Central Authority for service on Mr. Morton on January 14, 2025, but the Central Authority returned the documents unserved. (*Id.* ¶¶ 4-5.) On June 2, 2025, Amazon's foreign service agent requested that the Central Authority reattempt service on Mr. Morton using a marshal. (*Id.* ¶ 5.) As of November 25, 2025, however, Amazon had not received confirmation from the Central Authority that service had been completed. (*Id.*)

Amazon now seeks leave to serve Mr. Morton by email at the address he used to communicate with Amazon's counsel (jmlawchina@gmail.com), and by certified mail at the New York address listed for Mr. Morton in New York's attorney registration database (246 W. Broadway, New York, NY, 10013-2410). (Mot. at 2, 7; Commerson Decl. ¶ 2.)

### III.   ANALYSIS

Federal Rule of Civil Procedure 4(f)(3) authorizes service of process on individuals in foreign countries "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). The method of service "must comport with constitutional notions of due process" by being "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover*

*Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). The court concludes that Amazon has met both requirements.

First, the Federal Rules of Civil Procedure and the Hague Convention authorize alternative service on foreign defendants where the plaintiff can show that it attempted to serve the defendant via the Hague Convention but service was not effected within six months. *See* Fed. R. Civ. P. 4, Advisory Notes ("The Hague Convention does not specify a time within which a foreign country's Central Authority must effect service, but Article 15 does provide that alternate methods may be used if a Central Authority does not respond within six months."); *see, e.g.*, *Astral IP Enter. Ltd. v. HorizonMatrix*, No. 5:24-cv-07428-EJD, 2025 WL 2930974, at *1 (N.D. Cal. Oct. 15, 2025) (authorizing service by email on Japanese defendants after Japan's Central Authority failed to effect service and returned the service documents); (*see also* Mot. at 5-6 (compiling cases)).

Second, service of process on Mr. Morton by email and certified mail comports with due process. Amazon has identified Mr. Morton's email address and has used it to communicate with Mr. Morton about this case. (Commerson Decl. ¶ 3.) Thus, Mr. Morton is already on notice of the pendency of this lawsuit. In addition, because Mr Morton is required to provide a current office address to maintain his attorney registration in New York, it is reasonable to infer that Mr. Morton will receive notice of the summons and complaint if Amazon mails them to that address. *See* N.Y.Ct. Rules §§ 118.1-118.2 (setting forth New York's attorney registration requirements).

//

//

ORDER - 4

1  Therefore, the court grants Amazon's motion for alternative service by email and
2  certified mail because Amazon has shown that such service on Mr. Morton in Japan is
3  permitted under Rule 4(f)(3) and comports with due process.

### IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Amazon's motion for alternative service (Dkt. # 27).

(1)   The court authorizes Amazon to serve Mr. Morton by (a) email to jmlawchina@gmail.com and (b) certified mail to 246 W. Broadway, New York, NY 10013-2410; and

(2)   Amazon shall file a status report regarding its efforts to serve Mr. Morton within 30 days of entry of this order.

Dated this 1st day of December, 2025.

JAMES L. ROBART
United States District Judge