The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware corporation; and AMAZON.COM SERVICES LLC, a Delaware limited liability corporation,

Plaintiffs,

v.

JONATHAN G. MORTON, an individual; ASIN ENTERPRISE MANAGEMENT CONSULTING LTD. CO., a Chinese corporation; SHENZHEN LUNA TECHNOLOGY CO., LTD., a Chinese corporation; HUANHUAN LIAO, an individual; CHENLIANG ZHONG, an individual; GUOLIANG ZHONG, an individual; AND DOES 1-10,

Defendants.

No. 2:24-cv-01471-JLR

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Plaintiffs Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon" or "Plaintiffs") and Defendant Jonathan G. Morton ("Morton")[1] submit this Joint Status Report and Discovery Plan, pursuant to the Court's April 24, 2026, Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. 45) as amended by the May 5, 2026, Stipulation and Order Extending Rule 26 Deadlines (Dkt 48), as follows:

---

[1] Plaintiffs completed service on Defendants Asin Enterprise Management Consulting Ltd. Co.; Shenzhen Luna Technology Co., Ltd. Huanhuan Liao; Chenliang Zhong; and Guoliang Zhong, but they have not appeared in this action and the Court has entered default against each of them. *See* Dkt 22.

JOINT STATUS REPORT AND DISOVERY PLAN - 1
(2:24-cv-01471-JLR)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1.    **Statement of the Nature and Complexity of the Case.**

**Amazon's Statement:** This case involves Amazon's claims against Morton arising from Defendants' coordinated scheme to apply for and obtain fraudulent trademark registrations from the USPTO, and to assist bad actors in exploiting those fake trademarks to improperly gain access to Amazon's Brand Registry program. First Amended Complaint ¶ 1.

The USPTO's U.S. counsel rule requires all foreign-domiciled trademark applicants to be represented by U.S.-licensed attorneys. *Id*. ¶ 2. Mr. Morton deceived the USPTO by procuring tens of thousands of fraudulent trademark registrations on behalf of his predominantly foreign-domiciled clients. *Id*. Indeed, between 2019 and 2022, Defendant Morton was listed as the attorney of record for nearly 32,000 trademark applications filed with the USPTO. *Id*. ¶ 73. Mr. Morton facilitated his clients' use of the fake trademarks to open Brand Registry accounts with Amazon. *Id*. ¶¶ 8, 9. Some of these clients then submitted false intellectual property infringement notices to Amazon in an effort to fraudulently remove content and product listings from the Amazon Store, damaging Amazon and its selling partners. *Id*.

Amazon asserts claims against Mr. Morton for fraud, violation of the Washington Consumer Protection Act, and liability under the Lanham Act for obtaining false or fraudulent trademark registrations. *Id*. ¶¶ 138-207.

**Morton's Statement:** Defendant's position is that this case concerns Amazon's allegations relating to two trademark registrations and Defendant's role as attorney of record for certain trademark filings. Defendant denies participating in any fraudulent scheme, denies knowingly submitting false information to the USPTO, and denies liability on all claims.

Defendant further contends that the USPTO disciplinary proceeding referenced in the Amended Complaint involved practice-management, supervisory, and review-process deficiencies and did not include findings that Defendant engaged in fraud, fabricated specimens, knowingly submitted false specimens, or knowingly participated in any scheme directed toward Amazon.

JOINT STATUS REPORT AND DISOVERY PLAN - 2
(2:24-cv-01471-JLR)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

While the factual background involves trademark prosecution, USPTO administrative proceedings, and Amazon Brand Registry procedures, Defendant does not presently believe that the case is unusually complex and believes that discovery should clarify the disputed factual issues.

2.    **Proposed Deadline for Joining Additional Parties.**

August 12, 2026.

3.    **Consent to Magistrate Judge.**

No.

4.    **Discovery Plan Items From Fed R. Civ. P. 26(f)(3).**

A.    **Initial Disclosures.**

The parties that have appeared in this action to date have agreed to exchange their Initial Disclosures on or before June 5, 2026.

B.    **Subjects, Timing, and Potential Phasing of Discovery.**

The parties anticipate commencing discovery on all aspects of the case, including Plaintiffs' claims and alleged damages, and Defendants' anticipated defenses, in the next 60 days. The parties do not anticipate the need to phase discovery in this case.

C.    **Electronically Stored Information.**

The parties expect a significant amount of discovery will be in electronic form and intend to stipulate and agree to the form or forms in which electronic discovery should be produced or otherwise made available. The parties will confer in good faith to the extent any issues regarding the format for electronic discovery arise, and, if necessary, will bring issues to the attention of the Court.

D.    **Privilege Issues.**

The parties anticipate entering an agreement to govern the designation of confidential information based upon the Court's Model Stipulated Protective Order. The parties do not believe any other orders regarding confidential or proprietary information are necessary at this time, and do not anticipate any unusual or unique privilege issues. To the extent Amazon and

JOINT STATUS REPORT AND DISOVERY PLAN - 3
(2:24-cv-01471-JLR)

Morton dispute the applicability of any privilege, they intend to seek informal resolution of the dispute before following the Your Honor's individual Rule on Discovery Disputes, which provides for a telephonic conference, or if briefing is necessary, under LCR 37(a)(2).

### E.    Proposed Limitations on Discovery.

The parties do not propose any changes to the limitations on discovery.

### F.    Need for Discovery-Related Orders.

The parties anticipate entering an agreement to govern the designation of confidential information based upon the Court's Model Stipulated Protective Order.

### 5.    Local Rule 26(f)(1) Items:

### A.    Prompt Case Resolution.

Amazon and Morton have discussed the possibility of settlement and remain open to future settlement discussions.

### B.    Alternative Dispute Resolution.

**Plaintiffs' Statement:** Amazon and Morton have previously engaged in a direct settlement dialogue, and are continuing to explore whether such talks may be fruitful before involving a neutral party. If the dialogue breaks down, however, involvement of a neutral party at a later time in the case may be helpful to push the case to resolution. Amazon proposes engaging such a neutral at a later time during the discovery process but before summary judgment motions are due.

**Morton's Statement:** Defendant is willing to participate in private settlement discussions and remains open to exploring resolution of the matter without further litigation if a mutually acceptable resolution can be reached.

Defendant believes that meaningful settlement discussions may be more productive after the parties have exchanged initial written discovery and obtained a clearer understanding of the factual issues in dispute.

JOINT STATUS REPORT AND DISOVERY PLAN - 4
(2:24-cv-01471-JLR)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

Defendant is willing to participate in mediation or other ADR procedures if the parties jointly determine that such efforts would be productive and economically reasonable under the circumstances.

### C.    **Related Cases.**

The parties are unaware of any related cases.

### D.    **Discovery Management.**

LCR 26(f)(1)(D)(i) – the parties will confer, as appropriate, about the possibility of limiting depositions or exchanging documents informally.

LCR 26(f)(1)(D)(ii) – the parties agree to share, within five business days of receipt, any documents obtained from any third party via subpoena or other formal process.

LCR 26(f)(1)(D)(iii) – the parties' preference is to request case management conferences on an as-needed basis.

LCR 26(f)(1)(D)(iv-vi) – at this time, the parties do not request (a) the assistance of a magistrate judge for settlement purposes, (b) an abbreviated pretrial order, or (c) any other Order pursuant to LCR 16(b) and (c).

### E.    **Anticipated Discovery Sought.**

The parties intend to serve discovery allowed by the Federal Rules of Civil Procedure going to the claims, defenses, and damages at issue in this case. The parties may also likely serve subpoenas on third parties in connection with same.

### F.    **Phasing Motions.**

The parties currently do not anticipate the need to phase motions to resolve potentially dispositive issues.

### G.    **Preservation of Discoverable Information.**

The parties have not identified any preliminary issues relating to the preservation of discoverable information and the scope of the preservation obligation. The parties are aware of their respective obligations to preserve discoverable information.

JOINT STATUS REPORT AND DISOVERY PLAN - 5
(2:24-cv-01471-JLR)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

H.    **Privilege Issues.**

The parties will address the handling of privileged information in their anticipated stipulated Protective Order.

I.    **Model Protocol for Discovery of ESI.**

The parties are familiar with the model protocol for ESI and do not presently believe it is necessary to enter the model protocol. The parties presently do not believe that the volume of ESI will warrant entry of the model ESI agreement. If a need later arises, the parties will confer in good faith. The parties have met and conferred about the preservation and discovery of electronically stored evidence relevant to the issues in this action.

J.    **Alternatives to Model Protocol.**

The parties presently do not believe that the volume of ESI will warrant entry of the model ESI agreement. However, the parties agree to produce ESI in TIFF format with a companion text file or as native files. The parties will confer regarding any need to conduct searches via search terms.

6.    **Discovery Completion Date.**

The parties propose April 2, 2027 for the discovery completion date.

7.    **Whether the Case Should Be Bifurcated.**

The parties do not see a need for bifurcation at this time.

8.    **Whether Pretrial Statements and Pretrial Order Necessary.**

At this time, the parties anticipate following the requirements of LCR 16 for pretrial submissions and orders.

9.  **Whether the parties intend to utilize the Individualized Trial Program**

The parties do not intend to utilize the Individualized Trial Program.

10.    **Suggestions for Shortening or Simplifying Case.**

The parties agree that service by email shall be valid service in this action, provided the email service is made on counsel of record for the party or the pro se defendant to whom the service is directed.

JOINT STATUS REPORT AND DISOVERY PLAN - 6
(2:24-cv-01471-JLR)

The parties anticipate that summary judgment may be appropriate, depending on the outcomes of their anticipated settlement dialogue and case developments during discovery.

No further suggestions at this time.

11.   **Date the Case Will Be Ready for Trial:**

The parties propose July 26, 2027.

12.   **Jury Trial.**

The parties request a bench trial.

13.   **Trial Days Required.**

The parties anticipate 5 to 7 days for the trial.

14.   **Trial Counsel Contact Information** (see chart on next page).

| **Plaintiffs' Counsel:** | **Jonathan Morton (*Pro Se*):** |
| --- | --- |
| DAVIS WRIGHT TREMAINE LLP<br>Scott R. Commerson, WSBA #58085<br>350 South Grand Avenue, 27th Floor<br>Los Angeles, CA 90071-3460<br>Tel: (213) 633-6800<br>Fax: (213) 633-6899<br>Email: scottcommerson@dwt.com | 246 W. Broadway<br>New York, NY 10013<br>Tel: (212) 468-5515<br>jmlawchina@gmail.com |

15.   **Trial Counsel Complications Regarding Setting Trial Date.**

The parties report no complications.

16.   **Remaining Defendants to be Served.**

All Defendants have been served in this case.

17.   **Necessity of Rule 16 Conference Prior to Issuance of Scheduling Order.**

The parties do not believe a Rule 16 Conference is necessary at this time.

18.   **Corporate Disclosure Statement Filing Date.**

Amazon's Corporate Disclosure Statement was on September 16, 2024. Dkt. 2.

JOINT STATUS REPORT AND DISOVERY PLAN - 7
(2:24-cv-01471-JLR)

DATED this 12th day of June, 2026.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*


*/s/ Scott Commerson*
Scott Commerson, WSBA #58085
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071-3460
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com



JONATHAN G. MORTON
*Pro Se*



246 W. Broadway
New York, NY 10013
Tel: (212) 468-5515
Email: jmlawchina@gmail.com

JOINT STATUS REPORT AND DISOVERY PLAN - 8
(2:24-cv-01471-JLR)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax